**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN MONTALVO,                                No. C 08-00047 SBA (PR)

12                Petitioner,              **ORDER DENYING MOTION FOR
                                            APPOINTMENT OF COUNSEL**
13      v.

14  MALFI, Acting Warden,

15                Respondent.
                                                    /
16

17       Petitioner has requested appointment of counsel in this action.

18       The Sixth Amendment right to counsel does not apply in habeas corpus actions. See

19  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B),

20  however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the

21  court determines that the interests of justice so require" and such person is financially unable to

22  obtain representation.  The decision to appoint counsel is within the discretion of the district court.

23  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v.

24  Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the

25  exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and

26  complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or

27  mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either

28  in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas

Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only

when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th

Cir. 1965).

At this early stage of the proceedings the Court is unable to determine whether the

appointment of counsel is mandated for Petitioner.  The Court notes that Petitioner has presented his

claims adequately in the petition, and no evidentiary hearing appears necessary.  Accordingly, the

interests of justice do not require appointment of counsel at this time, and Petitioner's request is

DENIED.  This denial is without prejudice to the Court's sua sponte reconsideration should the

Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's

claims.

This Order terminates Docket no. 7.

IT IS SO ORDERED.

Dated:  5/7/08

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.08\Montalvo0047.denyATTY.frm

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN MONTALVO,

        Plaintiff,

  v.

MALFI et al,

        Defendant.
_____/

Case Number: CV08-00047 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Montalvo B-98603
CSP-Sacramento
New Folsom
P.O. Box 290066
Represa, CA 95671

Dated: May 8, 2008

                    Richard W. Wieking, Clerk
                    By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Montalvo0047.denyATTY.frm