IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTALVO,

    Petitioner,               No. CIV 08-1224 GEB KJM P

   vs.

J. WALKER, Acting Warden,[1]

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges he was convicted in 1984 for a murder that occurred in 1976 and accordingly is an ISL (Indeterminate Sentence Law) prisoner. He further alleges he was denied due process of law when the parole board refused to change his ISL term to a DSL (Determinate Sentence Law) term under In Re Rodriguez, 14 Cal.3d 639 (1975). He also alleges that because he has not been given a parole date, his indeterminate term is disproportionate to his minimum eligibility for parole under his "old law" sentence. He finally

/////

---

[1] Petitioner asserts that respondent Walker has replaced respondent Malfi as warden of California State Prison–Sacramento. The court accordingly substitutes Walker for Malfi. Fed. R. Civ. P. 25(d).

alleges that the application of DSL parole regulations to his ISL sentence violates the Ex Post Facto Clause of the Constitution.

Respondent has filed a motion to dismiss, arguing that the action was filed outside the statute of limitations and that the petition raises only state law questions.

I. <u>Statute Of Limitations</u>

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Respondent argues that "[a]ll of Montalvo's claims . . . challenge his sentencing at or about the time of his conviction, which predated AEDPA" and, as a result, the petition should have been filed by April 24, 1997. Motion To Dismiss (MTD) at 4; <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

Although the petition is not the clearest, it does seem certain that petitioner is not challenging his underlying conviction but rather some decision of unspecified date of the parole board. When a petitioner challenges an administrative decision, the federal statute of limitations begins to run on the date on which the factual predicate of the claims could have been discovered. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003); Tidwell v. Marshall, 620 F.Supp.2d 1098, 1100-01 (C.D. Cal. 2009) (under current regulations, a board's initial hearing decision is considered a "proposed decision" that is subject to internal administrative review; if there is no change by the board's chief counsel, the proposed decision becomes "final" on the 120th day following the date of the hearing decision). Respondent has made no attempt to identify when petitioner's term or minimum eligible parole date was set or even if it has been set. Nor has he explained what, if any, parole hearings have been held and when. Accordingly, because respondent has not properly identified the event that triggered the statute of limitations, he has not borne his burden of showing that the current petition was filed outside the limitations period. See Randle v. Crawford, 578 F.3d 1177, 1181 (9th Cir. 2009) (statute of limitations is an affirmative defense); Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1122 (9th Cir. 2007) (in civil cases, defendant bears burden of proof on affirmative defenses).

II. Questions Of State Law

Respondent is correct that "federal habeas corpus relief does not lie for errors of state law." MTD at 4 (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). In this case, however, petitioner alleges that the board's failure to give him a fixed term violates the Ex Post Facto clause of the Constitution, as well as his right to due process and to be protected from cruel and unusual punishment. Respondent has not addressed these claims, which present federal questions. Rather, he cites to Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir. 1992), which held that the application of DSL parole guidelines to an ISL prisoner did not violate the Ex Post Facto clause; it did not address the claims petitioner has raised in this action.

1    IT IS THEREFORE RECOMMENDED that respondent's motion to dismiss
2 (docket no. 32) be denied.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
5 one days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within fourteen days after service of the objections.  The parties are
9 advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: January 14, 2010.

_____
U.S. MAGISTRATE JUDGE

mont1224.mtd