IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTALVO,

    Petitioner,                    No. CIV-S-08-1224 GEB KJM P

    vs.

MALFI, Acting Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges he was sentenced under California's former Indeterminate Sentencing Law (ISL) because his crime was committed in 1976, but that the parole board has refused to convert his sentence to conform to the Determinate Sentencing Law (DSL); that his sentence violates the Eighth Amendment; and that applying newer parole guidelines, rather than those applicable to ISL sentences, violates the Ex Post Facto Clause of the Constitution. In his answer, respondent argues that the petition is untimely and that petitioner's claims should be denied on their merits.[1]

/////

---

[1] The court denied an earlier motion to dismiss based on timeliness grounds. See Docket Nos. 39, 44.

1  Petitioner has also filed a document he calls "motion for judicial motion"
2  concerning mail delivery and an affidavit detailing additional problems with legal mail.
3  I. Problems With Mail Delivery
4  Plaintiff alleges the delivery of legal mail from this court was delayed and that he
5  did not place sufficient postage on the copy of the traverse he mailed to respondent, but did not
6  learn it had been returned until two months after he had mailed it.  It appears that the
7  communication from the court was a response to petitioner's request for a copy of the docket
8  sheet; petitioner has not suggested that his pursuit of the merits of his petition was hampered by
9  any delay in the receipt of this information.  Moreover, respondent received a copy of the
10 traverse when it was docketed by operation of this court's ECF system.  Whatever problems
11 petitioner has had with his legal mail have had no impact on this case.
12 II. Background
13 In 1984, petitioner was convicted of first degree murder and found to have used a
14 firearm. Traverse at 10.[2]  Because the offense occurred in 1976, before California's adoption of
15 its DSL, when petitioner was sentenced in early 1985 he was sentenced under the ISL to the term
16 prescribed by that law.  Id. at 9; Pet. at 7.
17 In February 2006, petitioner sought habeas relief from the San Francisco County
18 Superior Court.  Answer, Ex. 1.  On April 12, 2006, the Superior Court denied the writ, finding it
19 was untimely and that petitioner was not entitled to have a determinate term set.  Id., Ex. 2.
20 Petitioner pursued habeas relief unsuccessfully in the California Court of Appeal and California
21 Supreme Court.  Id., Exs. 3-6.
22 /////
23 /////
24 /////
25
26     [2] The court relies on the pagination assigned by its ECF system.

2

III.  Timeliness And The AEDPA

In the findings and recommendations on the motion to dismiss, this court reasoned that respondent had not identified when petitioner's claims arose, which would provide the triggering date for the statute of limitations, and so had not borne his burden of showing that the instant petition was filed outside the statute.  Docket No. 39.  In the Answer, respondent takes February 2006, when the petition was filed in the Superior Court, as the date petitioner became aware of his claims and argues that the instant petition, filed in the Northern District on December 25, 2007,[3] is not timely.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA),

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

With February 2006 as the date the factual predicate could have become known, the statute of limitations would have run in February 2007 absent any tolling.  The statute of

---

[3] The court relies on the date the petition was signed as the filing date.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). In Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005), however, the Supreme Court held that an untimely state court petition is not "properly filed" and does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). As the Ninth Circuit has recognized, statutory tolling is simply unavailable under § 2244(d)(2) "where a state habeas petition is deemed untimely under California timeliness standards." White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010), cert. denied, ___ S.Ct. ___, 2010 WL 2998204 (Oct. 4, 2010). Accordingly, the time between the filing of the Superior Court petition and that court's decision does not toll the statute of limitations.

Petitioner also is not entitled to tolling for the time the petitions were filed and pending in the Court of Appeal and the Superior Court, even though neither of those courts specifically found the petitions to be untimely. As the Ninth Circuit has explained, when there are unexplained state court decisions the last reasoned decision to address a claim constructively determines how the subsequent state courts reached their decision. Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007), cert. denied, 552 U.S. 1316 (2008). In this case, then, the silent decisions are deemed to have adopted the superior court's finding of untimeliness. Because of this, none of the time the state petitions were pending acted to toll the statute of limitations and the current petition is untimely.

IT IS HEREBY ORDERED that plaintiff's motion concerning mail delivery (docket no. 58) is denied.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within fourteen days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2

mont1224.submhc

5